GEORGE B. STEVENS V. MARGARET SHERIFF *et al.*
No. 14,113.    (80 Pac. 936.)
SYLLABUS BY THE COURT.

1. TRESPASS—*Damages—Erroneous Instruction.*    In an action for damages on account of injuries to the person and property of the plaintiff, alleged in the petition to have been unlawfully inflicted by several persons while "acting in concert and as a mob, and in pursuance and furtherance of a common design," it is error to instruct that a recovery can be had only upon proof that the defendants constituted a mob.

2. —— *Mob Erroneously Defined.*    Assuming it to be necessary in such a case for the plaintiff to prove that the defendants constituted a mob, it is error to instruct that "a mob is the assemblage of a number of people acting in a tumultuous and riotous manner, calculated to put good citizens to fear, and to endanger their persons and property."

Error from Harper district court; PRESTON B. GIL-LETT, judge.    Opinion filed May 6, 1905.    Reversed.

*George E. McMahon, Sam S. Sisson,* and *T. A. Noftzger,* for plaintiff in error.

*H. D. Baker,* for defendants in error.

Stevens v. Sheriff.

The opinion of the court was delivered by

MASON, J.: George B. Stevens sued a number of persons, alleging that they had assaulted him, and destroyed personal property belonging to him, consisting chiefly of a quantity of liquors and cigars. He failed to recover, and now prosecutes error. The principal complaint is based upon the court's having instructed the jury as follows:

"In his petition the plaintiff has set up and alleged that defendants, together with other persons to him unknown, armed with hatchets, clubs, and other dangerous, destructive and deadly weapons, did unlawfully, violently, riotously, and maliciously, acting in concert and as a mob, break and smash the outer doors and windows of his place of business, and did destroy the property alleged by him to have been destroyed. By the allegations and charges above made and set forth the plaintiff charges the defendants to have constituted, and to have been, a mob, and under said allegations it is incumbent upon the plaintiff to establish, by the preponderance of the evidence, that the defendants, acting in concert, did constitute a mob, and before the defendants can be held to answer in damages in this case they must be found by the jury to have been members of the mob, if there was a mob. . . . A mob is the assemblage of a number of people acting in a tumultuous and riotous manner, calculated to put good citizens to fear, and to endanger their persons and property."

This language is treated by both parties as meaning that no recovery whatever could be had by plaintiff unless the jury should find that the defendants constituted a mob within the terms of the definition given, and it is open to that construction, whether or not it was used with that purpose. So construed, the giving of it was obviously prejudicial error. The allegation of the petition that the defendants acted as a mob was an immaterial one. It could have been obliterated without destroying or changing the legal effect of the petition. It therefore was not necessary for

the plaintiff to prove it, unless it was descriptive of the identity of something essential to the cause of action. (22 Encyc. Pl. & Pr. 533.) In Bouvier's Law Dictionary, under the title "Description," it is said:

"One of the rules which regulate the law of variance is that allegations of matter of *essential description* should be proved as laid. It is impossible to explain with precision the meaning of these words; and the only practical mode of understanding the extent of the rule is to examine some of the leading decisions on the subject, and then to apply the reasoning or ruling contained therein to other analogous cases."

The allegations that are not necessary to the complete statement of a cause of action, but which the pleader must prove because of their being of the kind designated as "descriptive," are ordinarily those which limit more general statements, and which so advise the opposing party of the precise claim relied upon that to treat them as mere surplusage would be to require him to meet evidence of a state of facts substantially different from what he had occasion to anticipate. However difficult it may be to frame a general rule on the subject, it is easy to determine that here the allegation of the plaintiff's petition that the defendants acted as a mob was not descriptive in this sense. It had no tendency to narrow or define any of the accompanying statements. Its presence could in no way affect the defendants in the preparation of their case. It was apparently used either as a mere epithet or to imply such a concert of action among the defendants as to constitute them joint wrong-doers, and to render each one liable for the acts of any or all of the others. In the latter case it was only repetition, for the specific averment was also made that the defendants acted in concert, and in pursuance and furtherance of a common design.

If, however, the allegation under consideration be treated as a material one, which it was incumbent

Stevens v. Sheriff.

upon the plaintiff to prove, the judgment must be reversed on account of the terms in which the court defined the word "mob." The definition adopted presumably originated in Rapalje and Lawrence's Law Dictionary, for it differs widely from that of any other law-writer or lexicographer, and is given there unaccompanied by any citation of authority. Its defects are obvious. While "an assemblage of a number of people acting in a tumultuous and riotous manner, calculated to put good citizens to fear, and to endanger their persons and property," would doubtless constitute a mob, it can hardly be seriously contended that all the elements named must be present to have that effect. Yet that is the fair implication from the language used. There is no basis in reason or authority for holding that a riotous assemblage can only be a mob when it is calculated to endanger both person and property, or that the matter might be affected by the character of the citizenship of the persons placed in fear or in danger.

The plaintiff in error also complains because the trial court, in instructing the jury upon other matters, instead of directly telling them by what legal principles they were to be governed in arriving at a verdict stated that the supreme court had decided the questions involved in a certain way. As the case is to be reversed upon other grounds it is not necessary to decide whether substantial prejudice resulted from the adoption of this practice in this instance, but it is one that has already been disapproved. In *Cloud County v. Vickers*, 62 Kan. 25, 30, 61 Pac. 391, it was said:

"The jury should receive the law from the trial court. The expressions of this court are for the guidance of the trial court, and we consider it bad practice to embody our language in an instruction when it is prefaced with a statement that this court is the authority from which it is derived."

Other questions relating to the instructions have been argued, but as they may not arise in the same form upon another hearing they will not now be determined.

The judgment is reversed, and the cause remanded for a new trial.

All the Justices concurring.